{¶ 36} I respectfully dissent.
 {¶ 37} R.C. 1901.18(A) reads:
 Except as otherwise provided in this division or section 1901.181 [1901.18.1] of the Revised Code, subject to the monetary jurisdiction of municipal courts as set forth in section 1901.17 of the Revised Code, a municipal court has original jurisdiction within its territory in all of the following actions or proceedings and to perform all of the following functions:
 (1) In any civil action, of whatever nature or remedy, of which judges of county courts have jurisdiction;
 (2) In any action or proceeding at law for the recovery of money or personal property of which the court of common pleas has jurisdiction;
 (3) In any action at law based on contract, to determine, preserve, and enforce all legal and equitable rights involved in the contract, to decree an accounting, reformation, or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties to the contract. *Page 15 
 (4) In any action or proceeding for the sale of personal property under chattel mortgage, lien, encumbrance, or other charge, for the foreclosure and marshalling of liens on personal property of that nature, and for the rendering of personal judgment in the action or proceeding;
 (5) In any action or proceeding to enforce the collection of its own judgments or the judgments rendered by any court within the territory to which the municipal court has succeeded, and to subject the interest of a judgment debtor in personal property to satisfy judgments enforceable by the municipal court;
 (6) In any action or proceeding in the nature of interpleader;
 (7) In any action of replevin;
 (8) In any action of forcible entry and detainer;
 (9) In any action concerning the issuance and enforcement of temporary protection orders pursuant to section 2919.26 of the Revised Code or protection orders pursuant to section 2903.213
[2903.21.3] of the Revised Code or the enforcement of protection orders issued by courts of another state, as defined in section 2919.27
of the Revised Code.
 (10) If the municipal court has a housing or environmental division, in any action over which the division is given jurisdiction by section 1901.181 [1901.18.1] of the Revised Code, provided that, except as specified in division (B) of that section, no judge of the court other than the judge of the division shall hear or determine any action over which the division has jurisdiction;
 (11) In any action brought pursuant to division (I) of section 3733.11 of the Revised Code, if the residential premises that are the subject of the action are located within the territorial jurisdiction of the court;
 (12) In any civil action as described in division (B)(1) of section 3767.41 of the Revised Code that relates to a public nuisance, and, to the extent any provision of this chapter conflicts or is inconsistent with a provision of that section, the provision of that section shall control in the civil action. *Page 16 
 {¶ 38} R.C. 1901.18(A) does not give a detailed list of claims for relief over which a municipal court does not have jurisdiction. Instead, the statute provides a detailed list of the kinds of claims for which the court does have jurisdiction.
 {¶ 39} The placement of the phrase "within its territory" within R.C.1901.181(A) is important. The language chosen by the legislature places "within its territory" next to "jurisdiction," not next to the enumerated types of claims. The phrase "within its territory" therefore modifies "jurisdiction," not the enumerated types of claims. In other words, the municipal court has jurisdiction within the territory to hear all the types of claims listed.
 {¶ 40} The majority's interpretation seems to me to move "within its territory" into the enumerated claims and make the statute a limitation on civil action. For instance, actions in replevin are actions for occurrences only within its territory. Contracts are only for contracts which were entered within its territory or which were entered between parties who reside within its territory. Again, R.C. 1901.18(A) is a statute of inclusion, not exclusion.
 {¶ 41} I believe that the legislature did not intend to bar parties from contracting to choose a forum for litigation, but wanted to prevent municipal courts from sitting in the territory of other municipal courts. For instance, the Franklin County Municipal Court should not sit in Delaware County or Licking County.
 {¶ 42} My interpretation corresponds with R.C. 1907.31, where the legislature made it clear that county courts should not sit in a district where a municipal court is present.
 {¶ 43} When the legislature chose the language, I believe that the legislature intended for municipal courts to have full jurisdiction of contract actions up to the limitation *Page 17 
of monetary jurisdiction set forth in R.C. 1901.17. I do not believe the legislature intended to bar parties from choosing a forum or to encourage parties to file in common pleas court, which unquestionably has general jurisdiction. The majority's opinion unnecessarily chops Ohio up into 88 smaller jurisdictions corresponding to counties.
 {¶ 44} I believe the Franklin County Municipal Court had jurisdiction over this contract action and properly exercised that jurisdiction. I would overrule the assignments of error and affirm the judgment of the trial court. Since the majority does not, I respectfully dissent. *Page 1